# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KESHA S. PACKER,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>JON E. LITSCHER, NEIL THORESON, DENISE SYMDON, and WISCONSIN DIVISION OF COMMUNITY CORRECTIONS,<br><br>　　　　　　　Defendants. | Case No. 18-CV-2024-JPS<br><br>**ORDER** |

　　　　Plaintiff filed a *pro se* complaint alleging workplace harassment and constructive discharge on the basis of her race. (Docket #1). Plaintiff sought, but was denied, leave to proceed *in forma pauperis*. (Docket #2 and #3). She later paid the full filing fee. The Court now exercises its inherent authority to screen complaints in order to streamline this action. *See Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). In other words, the Court will assess whether Plaintiff's complaint is viable as currently pleaded.

　　　　To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and her statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Plaintiff alleges that she worked for the Division of Community Corrections ("DCC") within the Wisconsin Department of Corrections ("DOC") from March 16, 2017 until July 28, 2017. (Docket #1 at 2). During that time, she was "subjected to harassment and a hostile work environment based on [her] race." *Id.* She says this was carried about by Defendant Neil Thoreson ("Thoreson"), regional chief of the office where she worked. *Id.* Plaintiff further alleges that Thoreson failed to appropriately address a discrimination complaint she filed. *Id.* at 3. Plaintiff's experience eventually led her to quit from DCC and take a job with the DOC's Division of Adult Institutions. *Id.*

Plaintiff correctly cites Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as the legal basis for her claim. Title VII prohibits discrimination in employment on the basis of a person's membership in certain protected classes, which are "race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). But Plaintiff's allegations are too vague and conclusory to support a claim for relief. Other than giving the time frame for her employment, Plaintiff does not describe any particular instance of discrimination or hostility. There is also no meaningful detail about Thoreson's handling of her discrimination complaint. Without more,

the Court cannot say that Plaintiff has pleaded a plausible claim of discrimination under Title VII. Additionally, the only proper defendant is DCC. Individual supervisors cannot be sued under Title VII. *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1168 (7th Cir. 1998).

More important, however, is Plaintiff's silence on a necessary precondition to her filing a lawsuit. A plaintiff seeking to proceed under Title VII must file a charge of discrimination with the Equal Employment Opportunity Commission within 300 days of the day of the alleged discrimination. 42 U.S.C. § 2000e-5; *Conner v. Ill. Dep't of Nat. Res.*, 413 F.3d 675, 680 (7th Cir. 2005). Once the EEOC issues its right-to-sue letter at the end of its investigation of the charge, the plaintiff must then file their civil lawsuit within 90 days. *Id.* Plaintiff's complaint says nothing about any charge filed with the EEOC or the issuance of a right-to-sue letter. If she failed to file a charge (the time for doing so has long since passed), or she did not sue within 90 days of receiving a right-to-sue letter, the Court will be forced to dismiss this action.

Because of the deficiencies described above, the Court will order Plaintiff to file an amended complaint addressing the Court's concerns. Plaintiff must file her amended complaint on or before **May 15, 2019**. Failure to file an amended complaint within this time period will result in dismissal of this action. Civ. L. R. 41(c). The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the Court of Appeals emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). The Court has attached to this Order a template

complaint form for claims of employment discrimination; Plaintiff is encouraged to use that form for her amended complaint. If an amended complaint is received, the Court will screen it.

Accordingly,

**IT IS ORDERED** that Plaintiff shall file an amended complaint in accordance with the terms of this Order on or before **May 15, 2019**, or this action will be dismissed without prejudice for her failure to prosecute it.

Dated at Milwaukee, Wisconsin, this 24th day of April, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge