# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KESHA S. PACKER,<br><br>      Plaintiff,<br>v.<br><br>JON E. LITSCHER, NIEL THORESON, DENISE SYMDON, and WISCONSIN DIVISION OF COMMUNITY CORRECTIONS,<br><br>      Defendants. | Case No. 18-CV-2024-JPS<br><br>**ORDER** |

  Plaintiff filed a *pro se* complaint alleging workplace harassment and constructive discharge on the basis of her race. (Docket #1). Plaintiff sought, but was denied, leave to proceed *in forma pauperis*. (Docket #2 and #3). She later paid the full filing fee. On April 24, 2019, the Court exercised its inherent authority to screen complaints in order to streamline this action. *See Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). The Court noted deficiencies in Plaintiff's complaint and ordered Plaintiff to file an amended complaint addressing the Court's concerns. (Docket #5). Plaintiff has now done so. (Docket #6).

  Plaintiff's amended complaint passes the low bar of the Court's screening to state a claim of employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). (Docket #6). Plaintiff has also added a claim, premised on the same facts, under Wisconsin's Fair Employment Act, Wis. Stat. § 111.31 *et seq.* ("WFEA"). *Id.* She includes descriptions (albeit sparse descriptions) of particular instances of discriminatory and hostile conduct in her workplace, and of her

supervisor's failure to act on her complaints about that conduct. *Id.* She also included a copy of her right-to-sue letter. (Docket #6-1).

Plaintiff will be permitted to proceed in this action upon her amended complaint, with one modification. The only proper defendant is her former employer, the Wisconsin Division of Community Corrections ("DCC"). Individual supervisors cannot be sued under Title VII or the WFEA. *See Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1168 (7th Cir. 1998) (Title VII); *Callaway v. Hafeman*, 628 F. Supp. 1478, 1483–84 (W.D. Wis. 1986) (WFEA). The Court will dismiss Defendants Jon E. Litscher, Neil Thoreson, and Denise Symdon from this action.

Finally, Plaintiff is instructed to serve her amended complaint on Defendant DCC. She can do this in one of two ways. She may obtain service on her own accord, or she may ask the Court to order service by the U.S. Marshal. If Plaintiff wishes to effect service herself, she should file a request for the Clerk of the Court to issue a service packet to her. If she desires service by the U.S. Marshal, she must file a letter with this Court asking for an appropriate order. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Plaintiff shall either request a service packet from the Clerk of Court or an order for U.S. Marshal service within fourteen (14) days of the entry of this Order.

Accordingly,

**IT IS ORDERED** that Plaintiff's amended complaint (Docket #6) be and the same is the operative pleading in this action;

**IT IS FURTHER ORDERED** that Defendants Jon E. Litscher, Neil Thoreson, and Denise Symdon be and the same are hereby **DISMISSED** from this action; and

**IT IS FURTHER ORDERED** that Plaintiff shall file, within fourteen days, a notice indicating which method of service she desires.

Dated at Milwaukee, Wisconsin, this 22nd day of May, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge