UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KESHA S. PACKER,<br><br>                    Plaintiff,<br><br>v.<br><br>WISCONSIN DEPARTMENT OF CORRECTIONS,<br><br>                    Defendant. | Case No. 18-CV-2024-JPS<br>7th Cir. Case No. 20-2584<br><br>**ORDER** |

1.     **INTRODUCTION**

On December 26, 2018, Plaintiff filed a *pro se* complaint, alleging Defendant discriminated against her by subjecting her to a hostile work environment. (Docket #1). About eight months later, Attorney Jeff Scott Olson entered a notice of appearance on behalf of Plaintiff. (Docket #17). On June 16, 2020, the Court granted Defendant's motion for summary judgment and dismissed Plaintiff's action with prejudice. (Docket #40). Attorney Olson advised Plaintiff via e-mail that "[w]e have the right to file an appeal within[] 30 days" but recommended against appealing because "the Seventh Circuit Court of Appeals in Chicago would probably reach the same conclusion." (Docket #45 at 7). In the same communication, Attorney Olson offered to "continue to help [Plaintiff] deal with the State of Wisconsin when [she] need[s] it." (*Id.*) To date, Attorney Olson has not filed with this Court a motion to withdraw as counsel.

Notwithstanding Attorney Olson's continued representation of Plaintiff, Plaintiff independently reached out to "the Eastern District Circuit Court directly and talked to clerks regarding where to find information for

pro se litigants and rules for Seventh District Circuit Court." (Docket #42 at 1). Call logs show Plaintiff dialed the phone number to the Seventh Circuit Clerk's office on June 19, 2020. (Docket #45 at 8). The staff person the Plaintiff spoke with directed her to informational resources titled "Brief Information Sheet for Pro Se Litigants" and "Pro Se Instructions for Preparing Docketing Statement." (Docket #42 at 1). Plaintiff subsequently filed a motion for leave to proceed *in forma pauperis* with the United States Court of Appeals for the Seventh Circuit. (Docket #45 at 18–23).

If Plaintiff filed a notice of appeal or an appellant's brief with the Seventh Circuit, this Court has not received it.[1] Plaintiff appears to have believed the *in forma pauperis* motion and affidavit served as "[her] actual appeal." (Docket #42 at 1). Plaintiff's mailing receipt shows she mailed her "appeal" on July 11, 2020, with projected delivery on July 15, 2020. (Docket #45 at 9). The Seventh Circuit received Plaintiff's *in forma pauperis* motion on July 30, 2020 and sent her a letter the same day, notifying Plaintiff that she had no current appeal. (*Id.* at 17). Plaintiff, who was traveling from August 7–13, did not receive the Seventh Circuit's July 30 notification until on or after August 13. (Docket #42 at 1).

On August 17 and 18, 2020, Plaintiff communicated with a staff person, Jim Richmond, at the Seventh Circuit, who advised her that she should have filed a notice of appeal with the district court, and to move for an extension of time to file the same. (Docket #45 at 24–26). Mr. Richmond acknowledged Plaintiff's "affidavit/motion for IFP was dated July 10th," but informed her that, pursuant to Federal Rule of Appellate Procedure

---

[1]The record does include a cover sheet titled "Brief for Appellant" but there is no formal brief attached. (Docket #45 at 16).

4(d), the district court would use July 30 as the "filed date if [he] were to send [her] brief to the district court to act as [her] notice of appeal." (*Id.*) On August 20, 2020, this Court received Plaintiff's Notice of Appeal. (Docket #43).

As discussed below, because Plaintiff's motion to extend the time to file a notice of appeal notice of appeal is untimely, the Court is obliged to deny the motion.

## 2. TIMELINESS ANALYSIS

### 2.1 Plaintiff's motion to extend the time to file a notice of appeal does not meet the requirements of the applicable rules.

Plaintiff's motion to extend the time to file a notice of appeal must be denied because it does not meet the threshold requirements of the applicable Federal Rules of Appellate Procedure. Appeals of a final order and judgment must be taken by filing a notice of appeal with the district court within thirty days. Fed. R. App. P. 3(a); Fed. R. App. P. 4(a)(1)(A). There are two exceptions to the thirty-day timeliness requirement in Rule 4(a)(1)(A). Plaintiff's motion appears to invoke both exceptions. (Docket #42). However, she has not satisfied the requirements to claim either.

The first exception plainly does not apply to Plaintiff. Rule 4(a)(6) allows a district court to reopen the time to file a notice of appeal when the moving party fails to receive notice of the judgment within twenty-one days of its entry. Fed. R. App. P. 4(a)(6). Attorney Olson received notice of the Court's summary judgment order on the day it was issued, and forwarded the order to Plaintiff on the same date. (Docket #45). Neither counsel nor Plaintiff lacked notice; the Court cannot reopen the time to file a notice of appeal on this basis.

The second exception also does not apply to Plaintiff. Rule 4(a)(5) allows a district court to extend the time in which to file a notice of appeal if the party (1) moves for such relief within thirty days of the original thirty-day deadline and (2) shows excusable neglect or good cause in failing to timely file a notice of appeal. Fed. R. App. P. 4(a)(5)(A)(i)–(ii). This exception cannot apply to Plaintiff, as she has not met the Rule's first requirement of timeliness. Plaintiff had until July 16, 2020 to file a notice of appeal with the district court; accordingly, she had until August 17, 2020 to move for an extension of time to file a notice of appeal. Plaintiff did not meet either deadline. Thus, her motion is not timely.

Although Plaintiff failed, in terms of calendar days, to meet 4(a)(5)(A)(i)'s timeliness requirement, the Court acknowledges that she faced a tangled set of circumstances that impeded her ability to meet said requirement. These circumstances approximate "excusable neglect" as required by Rule 4(a)(5)(A)(ii).[2] Excusable neglect generally occurs when a litigant misses a deadline due to circumstances beyond her control, such as mail delays or misrepresentations by judicial officers. *Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 134 (7th Cir. 1996). Excusable neglect may also extend to instances of the litigant's own carelessness, mistake, or plausible misunderstanding of ambiguous procedural requirements. *Id.*; *see also Lewis v. Sch. Dist. #70*, 523 F.3d 730, 740 (7th Cir. 2008) (upholding a finding of excusable neglect when the defendant untimely filed its Federal Rule of Civil Procedure Rule 6 motion based on a misunderstanding of the rule and

---

[2] The movant must show "excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii). "Good cause" is a distinct determination and applies only when the litigant requests the extension before the original 30 days are up. *Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 133 (7th Cir. 1996). Good cause does not apply here.

the magistrate and district judges accepted the motion based on same misunderstanding). On the other hand, a litigant's inability or refusal to apprise herself of the plain language of federal rules is not excusable neglect. *Prizevoits*, 76 F.3d at 133. Whether the litigant's neglect is "excusable" is a fact-sensitive and equitable determination for the trial court. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

The Court acknowledges that the facts of Plaintiff's case could add up to excusable neglect. It appears that there were circumstances beyond her control that may have led her to file in the wrong venue what she incorrectly believed was a notice of appeal. First, Plaintiff acted on information from her counsel, Attorney Olson, who failed to clearly communicate whether Plaintiff wanted to appeal, whether he would represent her in an appeal or withdraw as counsel, and how and where she could proceed *pro se*.[3] (Docket #45 at 7). Second, Plaintiff acted on incomplete information from the Seventh Circuit—the information sheets to which she initially was referred do not indicate the venue for filing a notice of appeal. (Docket #42 at 1). Third, the record suggests (but does not establish) that some combination of mail delay, delay in the Seventh

---

[3]A represented party does not have an affirmative right to submit *pro se* briefs or motions. *United States v. Gwiazdzinski*, 141 F.3d 784, 787 (7th Cir. 1998); *see also United States v. Rollins*, 309 F. App'x 37, 38 (7th Cir. 2009). The Seventh Circuit disfavors but does not bar *pro se* briefs or motions by represented parties. *United States v. Patterson*, 576 F.3d 431, 436 (7th Cir. 2009). The district court has discretion over whether to recognize such briefs or motions. *Id.* at 437; *see also Edwards v. Schrubbe*, No. 10-CV-729, 2013 WL 1808260, at *1 (E.D. Wis. Apr. 29, 2013) (recognizing *pro se* motion from a represented litigant, when the motion alleged ineffective assistance of counsel by the litigant's *pro bono* attorney).

Circuit's acceptance of her filing, or the Seventh Circuit's failure to forward her filing to the Court[4] contributed to her missing the July 16 deadline.[5] (Docket #45 at 9, 17–18).

On the other hand, the mandates of Rules 3 and 4 are straightforward; unlike in *Lewis*, there is no showing here that the applicable rules are so confusing as to have led even court officials to misinterpret them. The applicable Rules of Appellate Procedure are available on the Seventh Circuit's website; Plaintiff viewed that website to access information sheets but failed to apprise herself of and follow the applicable rules. Similarly, on its website, the Eastern District makes available to *pro se* litigants a notice of appeal form; Plaintiff did not use this form until her August 20 filing.

Although unclear from the record, Attorney Olson's apparent omissions may have contributed to Plaintiff's failure to follow clear

---

[4]If, that is, the Seventh Circuit had a duty to forward her filing. When a party mistakenly files a notice of appeal in the court of appeals, the clerk of that court must note the date of receipt and forward the notice to the district clerk. Fed. R. App. P. 4(d). The notice of appeal must state the party taking the appeal, the order being appealed, and the court to which the appeal is taken. Fed. R. App. P. 3(c)(1)(A)–(C). Plaintiff's *in forma pauperis* filing, while not formally a notice of appeal, did fulfill Rule 3's content requirements. However, the Seventh Circuit's response indicates Plaintiff had no current appeal (Docket #45 at 17), i.e. that it did not read her *in forma pauperis* filing as a notice of appeal. The Seventh Circuit elected not to forward Plaintiff's filing to this Court. The Seventh Circuit Local Rules do not indicate its policy or practice in this regard. Whether the Circuit has, or should have, a policy or practice to liberally construe *pro se* filings is far beyond the scope of this order.

[5]Further, circumstances beyond Plaintiff's control (the COVID-19 public health emergency, and counsel's failure to formally withdraw from the case) may have impacted her access to in-person or electronic methods that could have guaranteed timely filing of her notice of appeal.

procedural rules.[6] Plaintiff may also have been similarly impacted by the misrepresentations or omissions by the Seventh Circuit staff. However, even if the Court could engage in additional fact-finding to determine whether Plaintiff's circumstances qualify as excusable neglect, this question is moot because excusable neglect does not enable the Court to modify the timeliness requirement of Rule 4.

### 2.2 The Court may not waive Rule 4(a)(5)(A)(i)'s timeliness requirement.

Plaintiff has failed to meet Rule 4(a)(5)(A)(i)'s timeliness requirement, and without timeliness, the Court cannot grant her motion. Rule 4(a)(5)(A) clearly stipulates that the Court may only grant a motion to extend the time to file a notice of appeal if *both* its conditions are satisfied. Fed. R. App. P. 4(a)(5)(A)(i)–(ii) ("[t]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; *and* . . . the party shows excusable neglect or good cause") (emphasis added); *see also* 28 U.S.C. § 2107(c).

Furthermore, the Court is not at liberty to waive the timeliness requirement, however compelling Plaintiff's individual circumstances may be. A district court may not waive a timeliness requirement that is jurisdictional in nature and delineates the cases a court may hear. *Bowles v. Russell*, 551 U.S. 205, 213 (2007). A timeliness requirement is jurisdictional when the requirement is authorized by statute. *Compare id.* at 210 (finding Federal Rule of Appellate Procedure 4(a)(6) to be jurisdictional in nature because its timeliness requirement is explicitly stated in 28 U.S.C. § 2107(c)(1)–(2)) *with Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13,

---

[6]At the same time, a litigant may be held responsible for the omission of her attorney. *Pioneer*, 507 U.S. at 396.

21 (2017) (finding Federal Rule of Appellate Procedure 4(a)(5)(C) not to be jurisdictional in nature because its timeliness requirement does not appear in 28 U.S.C. § 2107(c)).

Additionally, a timeliness requirement is jurisdictional when it relates to a transfer of adjudicatory authority from one Article III court to another Article III court. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 437 (2011) (recognizing that the applicable timeliness requirement was indeed authorized by statute but declining to extend *Bowles* because the requirement applied to adjudication by administrative agencies, not Article III courts). Finally, even if a litigant's failure to meet the timeliness requirement is due to his or her reliance on the court's own representation that it will accept an untimely filing, timeliness requirements that are jurisdictional may not be waived. *Bowles*, 551 U.S. at 214.

The timeliness requirement that governs Plaintiff's motion is jurisdictional in nature and cannot be waived. Rule 4(a)(5)(A) spells out the same requirement authorized by statute in 28 U.S.C. § 2107(c). The Rule relates to transfer of adjudicatory authority between Article III courts for review. The Rule is a textbook example of a non-waivable jurisdictional requirement. Even if it was the Seventh Circuit's (not Plaintiff's or counsel's) error or omission that caused Plaintiff to miss her filing deadline, judicial misrepresentation is not grounds for waiver of this jurisdictional timeliness requirement.

It is true that Plaintiff's specific motion to extend the time to file a notice of appeal, if granted, would place the question of excusable neglect back before this Court and not the Court of Appeals—in other words, granting the motion would not *directly* effect a transfer of adjudicatory authority from the District Court to the Circuit Court. *Henderson* is silent on

what, if any, "direction" the transfer of adjudicatory authority between Article III courts must travel, or how proximate the transfer must be, to qualify as a jurisdictional timeliness requirement. Such a distinction requires a narrow reading of *Henderson* and *Bowles* as well as disregarding Congress's intent that § 2107(c) act as a strict jurisdictional requirement. The Court cannot rule based on such a minute technicality.

The Court appreciates that Plaintiff is in difficult position. However, her motion is untimely and the Court cannot waive timeliness requirements.

## 3. PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

A plaintiff wishing to proceed on appeal *in forma pauperis* must submit an affidavit and motion. 28 U.S.C. § 1915(a)(1). A plaintiff may not proceed on appeal without prepayment of the filing fee unless the trial court certifies in writing that the appeal is taken in "good faith." 28 U.S.C. § 1915(a)(3). Because Plaintiff's motion to extend the time to file a notice of appeal is untimely, the Court will not assess whether her motion for leave to appeal *in forma pauperis* is taken in good faith and will deny that motion as moot.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for an extension of time to file a notice of appeal (Docket #42) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to appeal *in forma pauperis* (Docket #47) be and the same is hereby **DENIED as moot.**

Dated at Milwaukee, Wisconsin, this 1st day of October, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge